Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 West Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff and all others similarly situated and the putative class*

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAE HYUN MIN, on behalf of himself and all other similarly situated individuals,

Plaintiff,

vs.

NEWTRON, LLC; and DOES 1 through 50, inclusive,

Defendants.

Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207; and

2) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050.

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff JAE HYUN MIN ("Plaintiff"), on behalf of himself and all other similarly situated and typical persons, and alleges the following:

All allegations in this Complaint are based upon information and belief, except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

(including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2. This Court also has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence (*i.e.*, the failure to properly pay all wages due and owing for compensable work performed yet unpaid) and there is no conflict between the procedures applicable to the FLSA and state law claims. *See Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 528-30 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims." (reversed on other grounds)).

3. A party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Revised Statutes ("NRS") Chapter 608. *See Neville v. Eighth Judicial Dist. Court of Nev.,, Terrible Herbst, Inc.,* 133 Nev. 777, 783, 406 P.3d 499, 504 (2017) (recognizing that "The Legislature enacted NRS 608.140 to protect employees, and the legislative scheme is consistent with private causes of action for unpaid wages under NRS Chapter 608."); *HG Staffing, LLC v. Second Judicial District Court in and for the County of Washoe*, 2020 WL 2306318, at *1 (May 7, 2020) ("In *Neville v. Eighth Judicial District Court*, 133 Nev. 777, 406 P.3d 499 (2017), we held, by necessary implication, that exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court.").

4. Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district, and many of the acts complained of herein occurred in Elko County, Nevada, which is located within this district.

**PARTIES**

5. Plaintiff JAE HYUN MIN is a natural person and a current resident of the state of Nevada.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

6. Defendant NEWTRON, LLC ("NEWTRON" or "Defendant") is a foreign limited-liability company with its registered agent of Registered Agent Solutions, Inc., located at 187 East Warm Springs Road, Suite B, Las Vegas, Nevada 89119.

7. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein, and any reference to "NEWTRON", "Defendant," "Defendants," herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

8. According to its website, NEWTRON is one of the largest privately-owned Specialty Electrical Construction companies in the United States and is among the nation's leading Industrial Electrical and Instrumentation providers.

9. Plaintiff was employed by NEWTRON as a journeyman electrician from on or about December 12, 2025, to on or about February 10, 2026.

10. At the time of his separation from employment with NEWTRON, Plaintiff's base hourly rate of pay was $52.00 per hour; his base overtime rate was $78.00, and his base double time rate was $104.00.

11. In addition to his base hourly rate of compensation, Plaintiff also received incentive compensation for attendance and retention.

12. For example, for the pay period of January 26, 2026, to February 1, 2026, Plaintiff worked a total of 75.5 hours (39.5 regular hours, 18 overtime hours paid at 1 ½ rate, and 18 hours paid at double time rate). Attached hereto as Exhibit A is a true and correct copy of Plaintiff's itemized pay statement during that pay period. During the same pay period, Plaintiff was paid $4,165 in incentive payments. Accordingly, Plaintiff was due and is owed at least $992.98 in overtime payments for the incentive pay he received during his pay period.

13. At the time of his separation from employment with NEWTRON, Plaintiff received $5,082.50 in incentive compensation for attendance and $1,184.50 in incentive compensation for retention for the year 2026. None of these incentive payments was ever

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

included in Plaintiff's regular rate of compensation when NEWTRON paid Plaintiff overtime for having worked over 40 hours in a work week.

14. For the year of 2026, Plaintiff worked a total of 346.25 hours (198.25 regular hours, 82 overtime hours paid at 1 ½ rate, and 66 hours paid at double time rate). Over this same time period, Plaintiff was paid $6,267.00 in incentive payments. Accordingly, Plaintiff was due and is owed at least $1,339.37 in overtime resulting from NEWTRON's failure to include the incentive payments in Plaintiff's regular rate of compensation, not including his right to receive full liquidated damages and continuation wages.

15. NEWTRON'S failure to include incentive compensation in the regular rate of pay for overtime purposes is not unique to Plaintiff. Indeed, all other similarly situated individuals are subject to the same unlawful overtime pay practices.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

16. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

17. Plaintiff brings this action on behalf of himself and all other similarly situated and typical employees as both a collective action under the FLSA and a class action under Nevada state wage-hour laws.

### FLSA Collective

18. Plaintiff brings this action on behalf of himself and the following **FLSA Collective** of similarly situated individuals employed by Defendant:

> A. **FLSA Collective:** All non-exempt hourly paid employees employed by Defendant at any time during the relevant time period alleged herein who (i) received incentive pay for attendance and/or retention, (ii) worked over 40 hours in any workweek, and (iii) performed work in the state of Nevada for at least one workweek.

19. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those he seeks to represent for the following reasons, among others:

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

A. Defendant employed Plaintiff and all proposed similarly situated employees but failed to pay overtime pay and the correct legal rate of pay when they worked over 40 hours in a workweek.

B. Plaintiff's situation is similar to those he seeks to represent because Defendant failed to pay Plaintiff and all other FLSA Collective Action Members overtime at the correct legal rate of pay when they worked over 40 hours in a workweek.

C. Common questions exist as to whether Plaintiff and all other FLSA Collective Action Members were paid overtime compensation at the correct legal rate of pay pursuant to the FLSA

D. Upon information and belief, Defendant employs, and has employed, in excess of 100 FLSA Collective Action Members within the applicable statute of limitations.

E. Plaintiff has signed a Consent to Sue form, attached hereto as Exhibit B.

**<u>Nevada Class</u>**

20. Plaintiff brings this action on behalf of himself and the following **Nevada Class** of similarly situated individuals employed by Defendant:

A. **Nevada Class:** All members who fit the definition of the FLSA Collective who are no longer employed by Defendant.

21. Class treatment is appropriate in this case for the following reasons:

A. <u>The Class is Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 100 Class Members within the applicable statute of limitations. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of the Class as well as their numerosity.

B. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiff and Nevada Class Members, including, without limitation, whether Plaintiff and Nevada Class Members may recover continuation wages

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

as a result of being deprived of their overtime compensation at the correct legal rate of pay at the time of separation from employment with Defendant.

C. Plaintiff's Claims are Typical to Those of Fellow Class Members: Defendant intentionally and willfully failed to pay Plaintiff and all Nevada Class Members their full and complete wages at the time of separation of employment. Plaintiff's claims for continuation wages resulting from Defendant's common employment policy are typical of those of his fellow Nevada Class Members.

D. Plaintiff is an Adequate Representative of the Class: Plaintiff will fairly and adequately represent the interests of Nevada Class Members because Plaintiff is a member of the Nevada Class, he has common issues of law and fact with all members of the Nevada Class, and his claims are typical of other Nevada Class Members.

E. A Class Action is Superior/Common Claims Predominate: A class action is superior to other available means for the fair and efficient adjudication of this controversy, because individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Nevada Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and FLSA Collective Action Members Against Defendant)

22. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

23. 29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

24. 29 USCS § 207 (e) provides that the term "regular rate" shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, with certain exceptions not applicable here.

25. 29 CFR § 778.109 states,

> ***Promised bonuses not excluded.*** The bonus, to be excluded under section 7(e)(3)(a), must not be paid pursuant to any prior contract, agreement, or promise. For example, any bonus which is promised to employees upon hiring or which is the result of collective bargaining would not be excluded from the regular rate under this provision of the Act. Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay. Most attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing in employment until the time the payment is to be made and the like are in this category; in such circumstances they must be included in the regular rate of pay.

26. "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 CFR § 778.109.

27. Defendant intentionally, willfully, and knowingly failed to compensate Plaintiff and all FLSA Collective Action Members overtime compensation at the correct legal rate of compensation when they worked over 40 hours in a workweek.

28. Plaintiff and FLSA Collective Action Members are owed overtime wages at the correct legal rate of pay for all the hours that were worked in excess of forty (40) hours in a work week during the relevant time period alleged herein.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

29. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendant pay Plaintiff and FLSA Collective Action Members one and one-half times their regular hourly rate of pay, inclusive of all non-discretionary payments, for all hours worked in excess of forty (40) hours a workweek during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

**<u>SECOND CAUSE OF ACTION</u>**

**Failure to Timely Pay All Wages Due and Owing Under Nevada Statutes, NRS 608.020-.050**

(On Behalf of Plaintiff and Nevada Class Members Against Defendant)

30. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

31. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

32. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

33. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or … [o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid for 30-days, whichever is less."

34. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

35. By failing to pay members of the Nevada Class their full and complete overtime wages at the time of separation of employment with Defendant, Defendant has failed to timely remit all wages due and owing to members of the Nevada Class.

36. Despite demand, Defendant willfully refuses and continues to refuse to pay all members of the Nevada Class.

37. Wherefore, Plaintiff demands 30 days' wages under NRS 608.140 and 608.040, and an additional 30 days' wages under NRS 608.140 and 608.050, for all members of the Nevada Class, together with attorneys' fees, costs, and interest as provided by law.

**JURY DEMAND**

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Wherefore Plaintiff, individually and on behalf of all Class Members and all others similarly situated, prays for relief as follows relating to his collective and class action allegations:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Collective Action Members so they may participate in the lawsuit;
2. For an order certifying this action as a class action on behalf of the proposed Class;
3. For an order appointing Plaintiff as the Representative of the FLSA Collective Action and the Nevada Class, and his counsel as Class Counsel;
4. For damages according to proof for overtime compensation at the correct legal rate of pay for all overtime hours worked under federal law;
5. For liquidated damages;
6. For 60 days of continuation wages;
7. For interest as provided by law at the maximum legal rate;
8. For reasonable attorneys' fees authorized by statute;
9. For costs of suit incurred herein;
10. For pre-judgment and post-judgment interest, as provided by law;
11. For injunctive relief; and

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

12. For such other and further relief as the Court may deem just and proper.

DATED: April 6, 2026

THIERMAN BUCK

*/s/Joshua D. Buck*
Joshua D. Buck
Leah L. Jones

*Attorneys for Plaintiff and all others similarly situated and the putative class*