Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
**THIERMAN BUCK**
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*
*and the putative classes*

Michael R. Ayers, Nev. Bar. No. 10851
mayers@grsm.com
Christopher Lund, Nev. Bar. No. 12435
tlund@grsm.com
**GORDON REES SCULLY MANSUKJANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Tel. (702) 577-9300
Fax. (702) 255-2858

*Attorneys for Defendants*

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAE HYUN MIN, on behalf of himself and all other similarly situated individuals,

Plaintiff

v.

NEWTRON, LLC,

Defendant

Case No.: 2:26-cv-01052-CDS-BNW

**STIPULATION TO STAY PROCEEDINGS AND ORDER THEREON**

[ECF No. 13]

Plaintiff JAE HYUN MIN ("Plaintiff"), by and through his counsel of record THIERMAN BUCK, and Defendants NEWTRON, LLC, and DOES 1 through 50, inclusive ("Newtron" or "Defendants") (Plaintiff and Defendants are collectively referred to as the "Parties"), by and through its counsel of record, GORDON REES SCULLY MANSUKHANI, LLP, hereby agree and stipulate to Stay all proceedings in the above captioned case, pending the mediation session with the Honorable Janey Berry (Ret.). The Parties request a one hundred and eighty day stay up to March 29, 2027.

The purpose of this stipulation is to promote judicial economy and permit this Court to effectively control the disposition of cases on its docket with economy of time and effort for itself, counsel, and the litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Pate v. DePay Orthopedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, *2 (D. Nev. Aug. 14, 2012) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (internal citations omitted). In evaluating whether to stay proceedings, the Court considers the competing interests of the parties and of the Court, including "'possible damage which may result in granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Coker v. Dowd*, No. 2:13-cv-0994-JCM-NJK, 2013 WL 12216682, *1 (D. Nev. Jul. 8, 2013) (granting joint motion to stay all proceedings pending mediation), quoting *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005).

The Parties are awaiting confirmation of the date for the mediation with Judge Berry.

Based on the foregoing, the Parties agree that their interests are aligned in seeking to potentially resolve the matter entirely without expending unnecessary litigation costs and efforts, and that neither Plaintiff nor Defendants will be prejudiced by a stay of the proceedings. The Parties also agree that they will each suffer an avoidable hardship – time and money spent litigating – if the matter is required to proceed at this stage considering the Parties' agreement to explore a potential resolution. Lastly, the Parties respectfully submit that staying all proceedings will avoid the waste of judicial resources by simplifying or entirely disposing of the issues in this action. Accordingly, the Parties agree and stipulate that good cause exists to stay all proceedings as requested herein.

The Parties will file a joint status report informing the Court of the outcome of their efforts to resolve Plaintiff's claims within fourteen calendar days days of the expiration of this stay, on or before April 12, 2027:

1. Should the Parties reach a settlement of all claims, the Parties will update the Court as to the tentative resolution and set forth a proposed briefing schedule for settlement approval; or

2. Should the Parties be unsuccessful at resolving all claims, the Parties shall inform the Court which, if any, claims were not resolved and propose a scheduling order for the matter to proceed, including a Discovery Plan and Scheduling Order.

Dated: September 30, 2026

*/s/ Leah L. Jones*
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89509
(775) 284-1500

*Attorneys for Plaintiff and the Putative Classes*

Dated: September 30, 2026

*/s/ Michael R. Ayers*
Michael R. Ayers, Nev. Bar. No. 10851
Christopher Lund, Nev. Bar. No. 12435
**GORDON REES SCULLY MANSUKJANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Tel. (702) 577-9300
Fax. (702) 255-2858

*Attorneys for Defendants*

**IT IS SO ORDERED.**

______________________________
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2026

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com